IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 18, 2012

IN RE **TREASURE D. I.**

**Appeal from the Juvenile Court for Knox County**
**No. B4019      Timothy E. Irwin, Judge**

_____

**No. E2011-01499-COA-R3-JV - Filed February 28, 2012**

_____

This appeal involves a child support arrearage. The father sought a retroactive modification of the child support order and forgiveness of the arrearage upon learning that he was not the biological father of the child. The trial court held that it was impermissible to modify the valid child support order. The father appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and Charles D. Susano, Jr., J., joined.

Eric James Jackson, Knoxville, Tennessee, pro se.

Roberta I., Knoxville, Tennessee, pro se.

**OPINION**

**I. BACKGROUND**

In 1994, Roberta I. ("Mother"), alleged that Eric James Jackson ("Father") was the natural father of her daughter, Treasure D. I. ("the Child"), born August 20, 1983. According to Father, he believed he was the father at the Child's birth, as he and Mother were "together and [he] had no reason to doubt that the [C]hild was not [his]."[1] On February 27, 1995, Father signed the following waiver:

_____

[1]Mother and Father were not married.

I, Eric J. Jackson, . . . having been advised of my rights to have red cell and H.L.A. blood grouping tests performed in order to help establish paternity, and of my right to have this cause transferred to the Circuit Court for Knox County, Tennessee for a trial by jury upon the issue of paternity, DO HEREBY WAIVE my rights to the aforesaid blood grouping tests and my right to trial by jury in the Circuit Court and do request and agree, with full knowledge and consent, that trial be held in the Knox County Juvenile Court upon the issues of paternity, support, visitation, medical expenses, etc. in connection with the above named child and further request that disposition be made of such issues in the Knox County Juvenile Court.

After Father's completion of the waiver, an order of paternity was entered, providing, inter alia, as follows:

1. The [C]hild is declared to be the legitimate child of [Mother] and [Father].

* * *

5. [F]ather's duty to support the [C]hild is established until emancipation.

6. Ongoing child support pursuant to the guidelines shall be paid through the Court's registry at the bi-weekly rate of $79.80 ($172.90 monthly), beginning March 6, 1995.

* * *

9. [F]ather is liable to the State of Tennessee, Medicaid Program for the birth costs of the said [C]hild the amount of which is reserved. The arrearages, if any, are deemed to be incidents of the child support.

* * *

The record establishes that Father has never consistently paid child support. In October 2001, the trial court denied Father's request for a DNA test, noting that Father had "executed the voluntary waiver of testing on February 27, 1995 and the Paternity Order was entered that date." At a hearing in November 2001, the trial court observed that the Child was emancipated but Father still owed an arrearage of $9,685.48. Since that time, on numerous occasions, Father has been found to be in contempt and incarcerated for not meeting his child support obligations.

In February 2011, at his own expense, Father obtained DNA testing that revealed he is not the biological father of the Child. The test report specifically indicated: "Probability of Paternity: 0%." Thereafter, Father filed a modification petition. The trial court referee dismissed the petition on April 27, 2011, ruling as follows:

> The Petition/Motion for Modification is dismissed because: no retroactive modification of the judgment amount is permitted, pursuant to TCA § 36-5-101(f)(1). The Respondent was instructed to get a DNA test privately at court hearings in 2001/2002. His test done in 2011 that proves he is not the father cannot be the basis for relief at this late date.

On July 11, 2011, Father's appeal from the referee to the juvenile court judge was denied. This timely filed appeal followed.

## II. ISSUE

The issue raised on appeal by Father is whether the trial court erred in finding that forgiving the child support arrearage would constitute an unlawful retroactive modification of the child support order.

## III. STANDARD OF REVIEW

The issue raised in this appeal is a question of law, which we review de novo with no presumption of correctness accorded to the trial court's decision. Tenn. R. App. P. 13(d); *Kaplan v. Bugalla*, 199 S.W.3d 632, 635 (Tenn. 2006).

## IV. DISCUSSION

A child support order is a judgment, enforceable in the same manner as any other judgment issued by a court of law. *See* Tenn. Code Ann. 36-5-101(f)(1); *Nash v. Mulle*, 846 S.W.2d 803, 804 (Tenn. 1993). Tennessee Code Annotated section 36-5-101(f)(1) provides in pertinent part as follows:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state, and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date than an action for modification is filed . . . . If the full amount of child support is not

paid by the date when the ordered support is due, the unpaid amount is in arrears, shall become a judgment for the unpaid amounts, and shall accrue interest from the date of the arrearage, at the rate of twelve percent (12%) per year. All interest that accumulates on arrearages shall be considered child support. . . .

Tenn. Code Ann. § 36-5-101(f)(1).

Prior to 1987, a child support order could be modified retroactively under certain limited circumstances. *See Rutledge v. Barrett*, 802 S.W.2d 604, 605-06 (Tenn. 1991). In 1987, in order to comply with conditions imposed by the federal government as a requirement for receiving federal assistance, Tennessee amended its statutes to remove the authority of state courts to forgive past arrearages in child support cases. *Id.* at 606. The 1987 amendment to our state statute "specifically bars retroactive modification" of a valid child support order. *Id.* at 607. Thus, once child support payments become due, they cannot be altered, reduced, or forgiven by the courts of this state. *Id.*; *see Johnson v. Johnson*, No. E2003-00130-COA-R3-CV, 2003 WL 22258180, at *3 (Tenn. Ct. App. Sept. 29, 2003) (finding that "[i]t is well-settled that child support payments cannot be altered, reduced or forgiven by the court once they become due.").

Consequently, we affirm the trial court's decision. The trial court was without authority to forgive any portion of Father's child support arrearage – even where later paternity testing establishes that Father is not the biological father of the Child – because such forgiveness constitutes an unlawful retroactive modification of a valid child support order. *See State ex rel. Whitley v. Lewis*, 244 S.W.23d 824, 829-30 (Tenn. Ct. App. 2007) (holding, where the obligor had filed a voluntary acknowledgment of paternity and his parentage had been set, the trial court could not retroactively forgive the arrearage accruing prior to the filing of the modification petition.); *State ex rel. Jackson v. Jackson*, No. M2006-00598, 2008 WL 820495, at *4 (Tenn. Ct. App. Mar. 26, 2008); *State ex rel. Phillips v. Phillips*, No. E2001-02081-COA-R3-CV, 2002 WL 31662544, at *2-3 (Tenn. Ct. App. Nov. 26, 2002).

## V. CONCLUSION

The decision of the trial court is affirmed and the cause is remanded. Costs on appeal are taxed to the appellant, Eric James Jackson.

_____
JOHN W. McCLARTY, JUDGE